UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TOBY'S PAINTING, LLC, a Michigan
Limited Liability Company, and DAVID SHOEMAKER,

        Plaintiffs,

vs.

        Case No. 10-14096

        HON. GEORGE CARAM STEEH

ADVANTA BANK CORP.,

        Defendant.
_____/

## ORDER DISMISSING SHOW CAUSE

On October 12, 2010, FDIC as Receiver removed this action to this court from the Washtenaw County Circuit Court under 12 U.S.C. §1819(b)(2)(B), which provides that any civil suit where the FDIC, in any capacity, is a party is "deemed to arise under the laws of the United States." The court issued an order requiring that FDIC as Receiver show cause as to why this action should not be remanded to the state court for lack of subject matter jurisdiction. The court expressed concern over when the 90-day period provided for in 12 U.S.C. §1819(b)(2)(B) began to run.

The Financial Institution Reform, Recovery, and enforcement Act of 1989 ("FIRREA") provides for removal of cases where the FDIC is a party pursuant to 12 U.S.C. §1819(b)(2)(B):

> Except as provided in subparagraph (D) the Corporation may without bond or security, remove any action, suit or proceeding from a state court to the appropriate United States District Court before the end of the 90 day period beginning on the date the action, suit, or proceeding is filed against the Corporation or the Corporation is substituted as a party.

In this case, the FDIC was not properly served with the summons and complaint, which

1

were sent to Advanta at the address of its former parent corporation, Advanta Corporation, via registered mail on June 29, 2010. However, by bringing its notice of removal, FDIC as Receiver has waived proper service, as it explains, to ensure cost effective administration of justice.

FDIC as Receiver filed its notice of removal, substituting as a party to this litigation in place of Advanta, which no longer exists. Courts have treated a notice of removal as a motion to intervene or substitute and have found that the FDIC had the ability to remove the case. See Gilmor v. Preferred Credit Corp, 2010 WL 1693034, *2 (W.D. Mo. April 27, 2010) (notice to the court that FDIC had been appointed receiver for a failed bank is sufficient to make the FDIC a party for purposes of seeking removal); Structural Sus., Inc. v. Sulfaro, 687 F.Supp. 22, 23 (D. Mass. 1988) (finding that jurisdiction under §1819 is not defeated by the fact that the FDIC is not yet formally a party to this action and formal intervention or substitution is not necessary to support jurisdiction under §1819).

The court is satisfied that FDIC as Receiver removed this action within the time period provided under 12 U.S.C. §1819(b)(2)(B) and the court has subject matter jurisdiction over this suit.

The court's order to show cause is DISMISSED.

Dated: November 23, 2010

                                        S/George Caram Steeh
                                        GEORGE CARAM STEEH
                                        UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on November 23, 2010, by electronic and/or ordinary mail.

s/Josephine Chaffee
Deputy Clerk